UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

------------------------------------------------------------x
HUANAN WANG,  :  Agency File No.: A047-549-345
65 Pearl Street  :
Cambridge, MA 02139,  :
KEN D. WANG, F/K/A JIABING DUAN,  :  Agency File No.: A207-576-575
65 Pearl Street  :
Cambridge, MA 02139,  :
 :
    Plaintiffs,  :
 :
    v.  :
 :
MICHAEL J. McCLEARY, in his official  :
capacity as Director of Boston Field Office,  :
the U.S. Citizenship & Immigration Service,  :
CHAD WOLF, in his official  :
capacity as Acting Secretary of the  :
Department of Homeland Security, and  :
MARK KOUMANS, in his official  :
capacity as Acting Director of the  :
U.S. Citizenship & Immigration Service,  :  **COMPLAINT**
 :
    Defendants.  :
------------------------------------------------------------x

PRELIMINARY STATEMENT

1.     This is an individual action for declaratory and mandamus relief, authorized by the Declaratory Judgment Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.* and 5 U.S.C. §§ 701 *et seq.* This action is to provide Plaintiffs Huanan Wang (hereinafter "Wang") and Ken D. Wang, f/k/a Jiabing Duan (hereinafter "Duan") relief from the U.S. Citizenship & Immigration Service ("USCIS") *et al.* willful violation of the law, and bureaucratic inaction and errors.

## PARTIES

2. Wang is a United States citizen, residing at 69 Pearl Street, Cambridge, MA 02139 with her husband Duan.

3. Duan is a citizen of the People's Republic of China, resident of Cambridge, Massachusetts, residing with his United States citizen wife Wang.

4. Defendant Michael J. McCleary is the Director of Boston Field Office of USCIS, the highest ranking official in Boston Field Office. In that capacity, Mr. McCleary oversees the work of the Boston field office and, on information and belief, helps to make decisions regarding cases that fall within the jurisdiction of Boston Field Office. He is sued in his official capacity only.

5. Defendant Mark Koumans is the Acting Director of USCIS, an agency within the Department of Homeland Security, the highest ranking official in the agency, in charge of administering and enforcing the laws related to immigration and naturalization of aliens pursuant to the transfer of authority from the Secretary of Homeland Security of the United States under 6 U.S.C. § 271. He is sued in his official capacity only.

6. Defendant Chad Wolf is the Acting Secretary of the U.S. Department of Homeland Security and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens under 6 U.S.C. §§ 111, 112 and 8 U.S.C. § 1103. He is sued in his official capacity only.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this case under 5 U.S.C. §§ 702 and 706, as an action to review and compel agency action when it has unlawfully withheld or unreasonably delayed, and to set aside agency actions findings, and conclusions found to be arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law. This Court also has jurisdiction over this case under 28 U.S.C. § 1331, as an action arising under the Constitution and laws of the United States, under 28 U.S.C. § 1361, as an action of mandamus to compel a United States employee to perform duty, and under 28 U.S.C. § 2412(d) to reimburse a party for litigating unreasonable and unlawful agency actions.

8.   Venue is proper in this district under 28 U.S.C. § 1391(e).

## FACTS

9.   Duan arrived in the United States on October 12, 2014 as a visitor for pleasure. On February 23, 2015, Duan and Wang registered their marriage in Lexington, Massachusetts. About a week later, Wang filed an immigrant visa petition for the benefit of Duan with USCIS. The agency received the I-130, Petition for Alien Relative on March 6, 2015.

10.  On the same day, USCIS received I-485, Application to Register Permanent Residence or Adjust Status concurrently filed by Duan, along with Wang's I-1`30, Petition for Alien Relative.

11.  The agency sent Wang and Duan receipts acknowledging the proper filing of both I-130 petition and I-485 application on March 6, 2015. <u>Copy of the two receipt sis attached herewith as Exhibit A</u>.

12.  Thereafter, Duan completed his biometrics as required by the process.

13.  On September 25, 2015, Wang and Duan attended an interview scheduled by USCIS Boston Field Office.

14.  On October 16, 2015, Wang and Duan submitted additional supporting documents as requested by the agency. <u>Copy of additional submission acknowledgment is attached herewith as Exhibit B</u>.

15. No decision whatsoever was rendered on either the pending I-130 petition or I-485 application for the ensuring 26 months. During this period, Duan and Wang traveled to the Boston Field Office to check the case status once every three months through the agency's InfoPass appointments. Seeing no progress at all, Wang and Duan solicited the assistance from Senator Elizabeth Warren's office on several occasions. No progress was reported however. <u>Copy of documents evidencing the efforts made including emails from Senator Warren's office is attached herewith is attached herewith as Exhibit C</u>.

16. In or about March 2019, two agents from USCIS visited home of Wang and Duan. Both were present during the agents' visit and responded the questions of the agents[1].

17. Upon agency's request, Duan submitted to the agency on April 24, 2019 a new Form I-693, Report of Medical Examination and Vaccination Record, as the previously submitted one had staled because of the delay in the adjudication.

18. No further information has been received by Wang and Duan for the subsequent 16 months.

19. The pending I-130, Petition for Alien Relative is classified as IR by the agency, meaning "Immediate Relative" of the United States citizen. There is no visa availability issue.

20. Normal processing time for this type of petition/application adjudicated in Boston Field Office takes approximately 6 months or less pre-COVID-19. At the present, Boston Field Office reports that it is now processing similar cases filed on or before January 19, 2018. <u>Copy of Boston Field Office Processing Times is attached herewith as Exhibit D</u>.

21. The petition/application filed by Wang and Duan have been pending for 66 months. The agency however was never able to explain what caused the delay, or at least to follow up with the inquires.

---

[1] Wang was at work when the agents arrived. She came back home immediately upon notice.

## STATUTORY AND REGULATORY PROVISIONS, AGENCY POLICY MANUAL

22. The Immigration and Nationality Act, INA § 104(b) provides in pertinent part:

    After an investigation of the facts in each case, ... the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 201(b) of this Act ... approve the petition ...

23. USCIS Policy Manual, Volume 7, Chapter 5, G.1. instructs in pertinent part:

    1. Approvals

        If the application is properly filed, the applicant meets the eligibility requirements, and the applicant satisfies admissibility or waiver requirements, then the officer may approve the adjustment application as a matter of discretion.

## CAUSE OF ACTION

24. Defendants are required to process and adjudicate the petition/application of Wang and Duan in accordance with law and agency regulations and to do so within a reasonable time. They have not done so, and upon information and belief, Defendants continue ignoring plaintiffs' numerous requests for the decision.

25. Defendants clearly erred in unreasonably delaying adjudicating the pending petition/application in contravening its own regulations and policies.

26. The actions of the Defendants described above have no reasonable basis in fact or law, and are not substantially justified.

27. Defendants' failure to follow the law and its own regulations/policies has harmed Plaintiffs, is arbitrary, capricious, an abuse of discretion, and not in accordance with law, and is subject to this Court's review under 5 U.S.C. § 702. As result of Defendants' actions, Wang and Duan have been placed in a legal limbo for 66 months, and they have no relief available.

## PRAY FOR RELIEF

WHEREFORE, plaintiffs pray that this Honorable Court:

A. Enter an order of mandamus declaring that the Defendants' failure to provide Plaintiffs its decision within a reasonable time and in accordance with administrative procedure to be arbitrary, capricious, not in accordance with law, and in violation of the rights of Plaintiff.

B. Enter an order granting Plaintiffs' requested immigrant status on the undisputed finding that Duan is eligible to receive his lawful permanent resident status.

C. Or, alternatively, enter an order compelling Defendants to make a decision on the pending immigrant visa petition and adjustment of status application within 30 days of the order.

D. Grant Plaintiffs reasonable attorney's fees under 28 U.S.C. § 2412(d) and all reasonable costs and expenses herein, together with any and all additional relief to which plaintiff may be entitled.

Respectively submitted,

Dated: July 20, 2020

/S/ Wei Jia
Wei Jia
jiawei2001@msn.com
145 Tremont Street, 2nd Floor
Boston, MA 02111
Tel: (617) 542-1548
Fax: (617) 542-0932
BBO Bar #: 646896
*Attorney for Plaintiff*